# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

## v.

## Julio N. GOMEZ

## Seaman Apprentice, U.S. Coast Guard

## CGCMS 24166

## Docket No. 1113

## 16 AUGUST 1999

Special Court-Martial convened by Commanding Officer, USCGC CHASE. Tried at Long Beach, California, on 29 October 1998.

Military Judge: LCDR William J. Shelton, USCG

Trial Counsel: LTJG Lisa Houlihan, USCGR

Assistant Trial Counsel: LT Amy Kovac, USCG

Detailed Defense Counsel: LT Kenneth J. Ian, JAGC, USNR

Appellate Defense Counsel: LT Sandra K. Selman, USCGR

Appellate Government Counsel: LT Benes Aldana, USCGR

## BEFORE
## PANEL FIVE

## BAUM, WESTON, McCLELLAND

Appellate Military Judges

PER CURIAM:

Appellant was tried by a military judge sitting as a special court-martial. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of the following offenses: one specification of desertion with intent to shirk important service and one specification of missing movement in violation of Articles 85 and 87 of the Uniform Code of Military Justice (UCMJ), respectively. The judge sentenced Appellant to a bad-conduct discharge (BCD), two months confinement, and reduction to paygrade E-1. The convening authority approved the sentence as adjudged, which was within the terms of the pretrial agreement.

Before this Court, Appellant has assigned one error, asserting that his plea of guilty to desertion with intent to shirk important service was improvident. In support of this proposition, Appellant argues that he was not sufficiently informed of the elements of the offense by the military judge nor was he required to provide the necessary factual basis for his plea. To the contrary, the explanation of offense elements by the judge and his inquiry into the facts justifying Appellant s plea, while abbreviated, were legally sufficient. He informed Appellant of all elements of the offense of desertion with intent to shirk important service and he elicited facts, in conjunction with an independent stipulation by Appellant, which fully support acceptance of the guilty plea. Appellant s answers, together with his stipulation, indicate that he knew that his ship was scheduled to deploy to the Arabian Gulf in a dangerous and potentially hostile area enforcing United Nations sanctions, that he would be standing watches on the bridge and performing duties in support of ship boardings, that he left his ship with the intention of avoiding the patrol to the Gulf, and that he considered the duty he was avoiding to be both important service and hazardous.

In addition to his sworn answers during the guilty plea inquiry, Appellant testified prior to sentencing. That testimony indicates that he absented himself from his ship in order to be with his wife after she had a miscarriage and that he intended to stay with her when his unit left for patrol. He contends that those statements are inconsistent with the specific intent to shirk important service and that they render his guilty plea improvident. We disagree. An accused can have both intents at the same time. They are not mutually exclusive. *See United States v. Huet-Vaughn*, 43 .M.J. 105, 113-14 (C.A.A.F. 1995); *United States v. Gonzales,* 42 M.J. 469, 472-73 (C.A.A.F. 1995); *United States v. Shull*, 1 C.M.A. 177, 182, 2 C.M.R 83, 88 (C.M.A. 1952). For that reason, we find Appellant s guilty pleas to be provident and his assignment of error is rejected.

After review of the record pursuant to Article 66, UCMJ, we have determined that the findings and sentence are correct in law and fact, and, on the basis of the entire record, should be approved. Accordingly, the findings and sentence, as approved below, are affirmed.

---

For the Court,

//s//

J. H. BAUM
Chief Judge